UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LAVERGNE (#424227)

VERSUS                                            CIVIL ACTION

LOUISIANA STATE PENITENTIARY, ET AL      NUMBER 15-86-BAJ-SCR

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 23, 2015.

                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LAVERGNE (#424227)

VERSUS                                              CIVIL ACTION

LOUISIANA STATE PENITENTIARY, ET AL      NUMBER 15-86-BAJ-SCR

## **MAGISTRATE JUDGE'S REPORT**

Before the court is the Petition For A Writ Of Habeas Corpus Under 28 U.S.C. § 2241 filed by Brandon S. LaVergne.

### **Background**

Petitioner alleged that on August 16, 2012, the St. Landry Parish Sheriff's Office placed a detainer on him based on a warrant issued August 15, 2012, for violation of LSA-R.S. 15:542.1.4, failure to register as a sex offender. Petitioner alleged that on August 17, 2012, he was convicted of two counts of first degree murder in the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana and was sentenced to life imprisonment in the custody of the Louisiana Department of Corrections. Petitioner filed this pre-trial petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the detainer. As relief, the petitioner seeks an order from this court directing the St. Landry Parish Sheriff's Office to recall the detainer.

## I. Applicable Law and Analysis

A detainer may be lodged against a prisoner on the initiative of a prosecutor or law enforcement officer. A detainer informs the officials of the institution in which the prisoner is incarcerated that the prisoner is wanted on pending criminal charges elsewhere upon his release from prison, and requests notification to the filing jurisdiction prior to the prisoner's release. *Dickerson v. State of Louisiana*, 816 F.2d 220, 222 n. 2 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352 (1987).

A § 2241 petition may be granted if the inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Assuming that the petitioner is "in custody" for purposes of § 2241, it is clear on the face of the petition that the petitioner failed to exhaust available state remedies.

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the petitioner. 28 U.S.C.§ 2254(b). Although § 2241 contains no statutory requirement of exhaustion like that found in § 2254(b), exhaustion of state remedies has been held to be a necessary prelude to its invocation. *Robinson v. Wade*, 686 F.2d 298, 303 n. 8 (5th Cir. 1982); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir.), *cert. denied*, 421 U.S. 999, 95 S.Ct. 2396 (1975). Generally, the

exhaustion requirement is satisfied if a claim has been presented once to the state's highest court. *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

It is clear on the face of the petition that the petitioner has failed to exhaust available state remedies.[1] Petitioner has not even presented his claim to a state trial court, much less to a state appellate court and the Louisiana Supreme Court.

Therefore, the Petition For A Writ Of Habeas Corpus Under 28 U.S.C. § 2241 should be dismissed without prejudice for failure to exhaust available state remedies.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed without prejudice, for failure to exhaust state remedies.

Baton Rouge, Louisiana, March 23, 2015.

*[signature]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1] Record document number 3, pp. 2-8.