UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LAVERGNE (#424227)     CIVIL ACTION NO.

VERSUS     15-86-BAJ-EWD

LOUISIANA STATE PENITENTIARY, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 23, 2019.

                   **ERIN WILDER-DOOMES**
                   **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRANDON S. LAVERGNE (#424227)**                    **CIVIL ACTION NO.**

**VERSUS**                                                              **15-86-BAJ-EWD**

**LOUISIANA STATE PENITENTIARY, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition")[1] filed by Brandon S. Lavergne ("Petitioner"), an inmate at the Louisiana State Penitentiary. For the reasons below, the Petition should be denied. An evidentiary hearing is not necessary.

**I.    Background**

Petitioner asserts violations of his Fourth, Fifth, and Fourteenth Amendment rights to due process based on an arrest warrant and detainer issued on August 15, 2012 from St. Landry Parish. The warrant and detainer were issued due to Petitioner's failure to comply with Louisiana's sex offender registry law, La. R.S. 15:542.1.[2] Petitioner argues that R.S. 15:542.1 is not applicable to him as the law was not passed until after he completed his sentence for a conviction of one count of aggravated oral sexual battery and only required individuals to register if they were still in custody or required to register when the Act was passed. Petitioner seeks to have the warrant quashed and a declaration that the "2010 Act 400 of the State of Louisiana is unconstitutional."[3] Petitioner also seeks an evidentiary hearing and appointment of counsel. Petitioner later sought to

---

[1] R. Doc. 13. Petitioner's original Petition (R. Doc. 3) was dismissed without prejudice for failure to exhaust administrative remedies. R. Doc. 8. Petitioner was later granted leave to refile his Petition. R. Doc. 12.
[2] R. Doc. 3-1, pp. 4-5.
[3] Rec Doc. 13, p. 3.

amend his Petition to assert that his conviction for oral sexual battery violated his Fourth, Fifth, and Fourteenth Amendment rights to due process based on prosecutorial misconduct and "Brady violations,"[4] however, this purported amendment asserts additional arguments as to why Petitioner is not required to register as a sex offender.[5]

Respondent objects to the Petition, arguing *inter alia*,[6] that the Petition is moot, as the detainer has been lifted.[7] Respondent has provided satisfactory proof that St. Landry Parish lifted the complained-of detainer on August 24, 2012.[8] Petitioner has provided additional proof that St. Landry Parish has advised him that no criminal charges are pending against him in that parish.[9]

### II. Petitioner's Request to Quash Detainer and Arguments Regarding Constitutionality of La. R.S. 15:542.1 are Without Merit

Petitioner asks the Court to quash the detainer. The Court lacks subject-matter jurisdiction over Petitioner's claim because the issue is moot. "Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants."[10] "[F]ederal courts may not 'give opinions upon moot questions or abstract propositions.'"[11] "This means that, throughout the litigation, the [petitioner] 'must have suffered, or be threatened with, an actual

---

[4] R. Doc. 14, p. 3.
[5] *Id.* ("The crime by which this court is now considering in this 28 U.S.C. 2241 is failure to register as a sex offender, which if one is required to register as such then one must first be convicted of a sex crime. So if the conviction for the sex crime is itself invalid than [sic] the subsequent allegation of failing to register is equally invalid.") *See also*, R. Doc. 27, pp. 1-2 ("I am not asking this court to overturn my Feb. 2000 conviction from Ville Platte La. But to declare it was so flawed by prosecutorial misconduct that it could not be used to support this pending warrant of failing to register as a sex offender.").
[6] Respondent also argues that the petition is untimely, unexhausted, and procedurally defaulted. The Court pretermits ruling on these arguments due to the condition of the record.
[7] Rec. Doc. 20-1, pp. 7-10.
[8] Rec. Doc. 20-4, p. 3.
[9] Rec. Doc. 27-1.
[10] *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).
[11] *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (*per curiam*) (citation omitted).

2

injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'"[12] Mootness is a threshold jurisdictional issue.[13]

Because Petitioner's claim regarding the detainer is fully resolved, it is moot and should be dismissed for lack of jurisdiction. Petitioner's challenge to the constitutionality of La. R.S. 15:542.1 also fails. Petitioner's argument appears to be that retroactive application of 15:542.1 violates the Ex Post Facto Clause.[14] This issue is likewise resolved. As the evidence presented by both parties indicates that the detainer was lifted, and Petitioner's evidence suggests the detainer may have been issued in error,[15] it does not appear that La. R.S. 15:542.1 is being applied to Petitioner at all. Further, the Fifth Circuit has held that retroactive application of laws requiring sex offender registration and notification do not violate the Ex Post Facto Clause.[16]

Petitioner has already received the primary relief he requested in the Petition as the evidence indicates the detainer is not valid. As far as the constitutionality of La. R.S. 15:542.1, it does not appear that the statute is being applied to Petitioner at all and the possibility that a charge under this statute could be reinstated in the future is so speculative that any decision on the merits of this habeas Petition would be merely advisory.[17] Finally, even if the statute had been applied retroactively to Petitioner, that would not be a violation of his constitutional rights.

---

[12] *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation omitted).
[13] *St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 537 (1978).
[14] *See*, R. Doc. 13, p. 3 ("[A]ct 400 from 2010 is unconstitutional as it enacts law on a repealed criminal statute, including retroactively inforcing [sic] paroles like reporting and thousands of dollars in retroactively imposed fines ….").
[15] R. Doc. 27-1 (12/18/2013 responsive note from St. Landry Parish District Attorney Earl Taylor indicating that St. Landry Parish records "do not reflect that you have ever had criminal charges in St. Landry.").
[16] *Hall v. Attorney General of Texas*, 266 Fed.Appx. 355, 356 (5th Cir. 2008) *citing Smith v. Doe*, 538 U.S. 84, 103-04 (2003). The sex offender registration law at issue in *Smith* required incarcerated offenders to register 30 days before release and individuals at liberty to register within a working day of conviction or upon entering the state. Respondents in *Smith* were covered by the act although they were convicted before the act was passed. *Smith*, 538 U.S. at 84.
[17] *Burkey v. Marberry,* 556 F.3d 142, 149 (3rd Cir. 2009).

### III. To the Extent Petitioner is Challenging His 2000 Conviction for Oral Sexual Battery, § 2241 is Not the Proper Procedural Mechanism

The difference between petitions filed pursuant to 28 U.S.C. § 2241 and § 2254 was explained in *McKinley v. Cooper* as follows:

> Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. A state prisoner may seek habeas relief under § 2241 for pre-trial issues, such as violations of the state speedy trial act, double jeopardy, or bond conditions. On the other hand, Section 2254 applies to post-trial situations in which a judgment has already been entered against the petitioner.[18]

In this case, Petitioner claims that his conviction for oral sexual battery violated his constitutional rights based on prosecutorial misconduct and "Brady violations." Petitioner appears to be using the argument that his underlying conviction for a sex crime was invalid as further support for his argument that he should not be required to comply with La. R.S. 15:542.1 so the detainer issued for failure to comply with this statute is invalid. Since the issue of the detainer is moot, this argument need not be addressed. To the extent Petitioner seeks to challenge his conviction for oral sexual battery, an application pursuant to 28 U.S.C. § 2241 is not the proper procedural mechanism to do so. Rather, such a claim should be raised by way of a § 2254 petition.[19]

### IV. Certificate of Appealability Should Be Denied

Should Petitioner pursue an appeal, a certificate of appealability should be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[20] Although Petitioner has

---

[18] No. 11-CV-297, 2011 WL 2181491, at *1 (W.D. La. May 10, 2011), *report and recommendation adopted*, No. 11-CV-297, 2011 WL 2181488 (W.D. La. June 2, 2011) (citations omitted).

[19] Although a § 2254 petition would be the correct procedural mechanism to challenge a conviction, Petitioner may not meet the "in custody" requirement of that statute as, by his own admission, he completed his sentence regarding the 2000 conviction in February 2010. *See* R. Doc. 1, p. 2. The Fifth Circuit has held that sex offender registration requirements do not constitute a form of custody for purposes of § 2254. *See Sullivan v. Stephens*, 582 Fed.Appx. 375 (5th Cir. 2014).

[20] 28 U.S.C. § 2253(c)(1)(A).

4

not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.[21] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[22] In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[23] In the instant case, reasonable jurists would not debate the denial of Petitioner's application or the correctness of the procedural ruling. Accordingly, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## V. Recommendation

For the reasons set forth herein, the undersigned **RECOMMENDS** that Petitioner's application for habeas corpus relief be **DENIED** and that this proceeding be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on August 23, 2019.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[21] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[22] 28 U.S.C. § 2253(c)(2).
[23] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).