# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LAVERGNE (#424227)            CIVIL ACTION

VERSUS

LOUISIANA STATE PENITENTIARY ET AL.        NO: 15-00086-BAJ-EWD

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 30)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses Plaintiff Brandon S. Lavergne's request for Writ of Habeas Corpus. (Doc. 13). The Report and Recommendation also addresses Plaintiff's request to quash detainer, Plaintiff's arguments regarding the constitutionality of La. R.S. 15:542.1, and Plaintiff's challenge of his 2000 conviction for oral sexual battery. (Doc. 30).

Plaintiff filed a Writ of Habeas Corpus in the Middle District of Louisiana seeking to quash a warrant issued against him, allegedly for not abiding by "Act 400," which Plaintiff purports to require that he register as a sex offender. (Doc. 13). The Magistrate Judge recommended that "Petitioner's application for habeas corpus relief be **DENIED** and that this proceeding be **DISMISSED WITH PREJUDICE**," and in the event that Petitioner seeks to pursue an appeal, a certificate of appealability be denied. (Doc. 30 at p. 5).

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen (14) days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (*Id.* at p. 1). Plaintiff filed a document styled "Answer in Traverse."[1] (Doc. 32).

In the Answer, Plaintiff appears to request "relief about the constitutionality and the applicability of these registration laws[2] against [him]." (Doc. 32 at p. 2). Plaintiff's Answer is incomprehensible and difficult to discern. However, to the extent that Plaintiff complains about the applicability of certain notification requirements for those having been convicted of sex offenses, it was previously determined in the Magistrate Judge's Report and Recommendation that La. R.S. 15:542.1 has not been charged against Plaintiff by the State. (Doc. 30 at p. 4). Thus, Plaintiff's claims are moot.

As the Magistrate Judge concluded, a habeas petition is not the proper means for Plaintiff to challenge his 2000 conviction for oral sexual battery, and that it should instead have been raised by way of a § 2254 petition. The Court also agrees that a habeas petition is likely to be denied, as Plaintiff does not meet the statutory requirement that he be in custody to avail himself of such relief.

---

[1] Even though this filing is styled "Answer in Traverse," the Court will treat it as an objection to the Magistrate Judge's Report and Recommendation.

[2] It appears Plaintiff is challenging the applicability of La. Stat. Ann. § 15:542.1, which pertains to the registration requirements for sex offenders.

Having carefully and independently considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation. Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 30)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Plaintiff's **Petition for Writ of Habeas Corpus (Doc. 13)** is hereby **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that if Plaintiff seeks an appeal, a certificate of appealability **SHALL NOT BE ISSUED**.

Baton Rouge, Louisiana, this 23rd day of September, 2019.

_____
**BRIAN A. JACKSON, JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**