UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LAVERGNE                                              CIVIL ACTION

VERSUS

LOUISIANA STATE                                                      NO. 15-00086-BAJ-EWD
PENITENTIARY, ET AL.

## RULING

Now before the Court is *pro se* Petitioner Brandon S. LaVergne's ("Petitioner") Motion seeking relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1] (Doc. 37, the "Motion"). For the reasons listed herein, the Motion shall be **DENIED**.

On September 26, 2019, the Court dismissed the above-captioned matter with prejudice. (Doc. 34). Petitioner did not take an appeal from that Judgment. The instant Motion seeking relief was filed on December 19, 2024, and seeks to re-open this proceeding and to have the Court reconsider the merits of Petitioner's original claims. (*See* Doc. 37).

Fed. R. Civ. P. 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief.

---

[1] Although Plaintiff titled his Motion "Motion for Permanent Injunction," due to the nature of relief requested by Petitioner, the Court interprets his motion as a Fed. R. Civ. P. 60(b) Motion For Relief From Judgment.

Petitioner alleges the Court should reopen these proceedings, asserting that newly discovered fraud and misrepresentation warrant reopening the case for substantive consideration. (*See* Docs. 37, 37-1.) Petitioner's reasons for relief fall within the ambit of Rule 60(b)(2) & (3)—newly discovered evidence and fraud, misrepresentation, or misconduct by an opposing party. However, pursuant to Rule 60(c), "[a] motion under Rule 60(b) *must* be made within a reasonable time—and for reasons (1), (2), and (3) *no more than a year after the entry of the judgment....*" Fed. R. Civ. P. 60(c) (emphasis added). The instant Motion was filed over five years after entry of judgment closing this case.[2] Accordingly, Petitioner cannot proceed under Rule 60(b)(2) or (3).

Further, to the extent that Plaintiff's pleading may be interpreted as seeking relief under the catch-all provision of Rule 60(b)(6), the motion fares no better. This provision allows a Court to vacate a judgment for "any other reason that justifies such relief" and provides a residual clause meant to cover unforeseen contingencies and to accomplish justice in exceptional circumstances. *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007). The relief afforded by Rule 60(b)(6) is meant to be extraordinary relief, and it requires that the moving party make a showing of extraordinary circumstances justifying such relief. *Hess v. Cockrell*, 281 F.3d 212, 216, (5th Cir. 2002).

---

[2] Petitioner appears to allege he filed a Motion seeking an injunction in this case on May 31, 2024, but it was never filed. (Doc. 37 at 1). However, even if that motion had been filed, it would have been considered as a Rule 60(b) Motion, and would have been denied for the same reasons as the instant Motion.

2

Plaintiff has failed to make such a showing. First, since over five years passed between the entry of judgment and the filing of the Motion, the Motion was not filed within a "reasonable time." Further, relief under Rule 60(b)(6) is unavailable because "[r]elief under subsection (6) is not available to a movant where…the relief sought would have been, if not for the Rule's time limits, within the coverage of another of the subsections of the Rule." *See Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (internal quotation marks and citations omitted). Because Petitioner's allegations fall within the coverage of Rule 60(b)(2) & (3), relief under Rule 60(b)(6) is not available. *Wilson*, 873 F.2d at 872. Thus, Petitioner's Motion is time-barred.

Therefore,

**IT IS ORDERED** that the **Motion For Permanent Injunction (Doc. 37)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 30th day of June, 2025

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**